# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID ROYCE,

       Plaintiff-Appellee,

v

SUSAN LAPORTE,

       Defendant-Appellant.

UNPUBLISHED
May 8, 2018

Nos. 337549; 340354
Oakland Circuit Court
LC No. 2007-741737-DC

Before: CAMERON, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

These appeals are before us pursuant to orders of the Michigan Supreme Court vacating orders of this Court dismissing the claims of appeal in these files. In each appeal, our Supreme Court has directed this Court to issue an opinion specifically addressing whether the relevant trial court orders may affect the custody of a minor within the meaning of MCR 7.202(6)(a)(iii) or are otherwise appealable of right under MCR 7.203(A). On our own motion, we consolidate these appeals for the efficient administration of the appellate process. We now conclude that both trial court orders in question are final orders under MCR 7.202(6)(a)(iii) as postjudgment orders in this domestic relations action that affect the custody of a minor. Thus, this Court has jurisdiction over the claims of appeal and these appeals shall proceed as appeals of right in this Court.

## I. DOCKET NUMBER 337549

In Docket Number 337549, defendant timely filed a claim of appeal[1] from a March 6, 2017 postjudgment order[2] in this case phrased as denying her motion for "parenting time and other matters." On April 11, 2017, this Court entered an order dismissing the claim of appeal for lack of jurisdiction, indicating that the March 6, 2017 order appealed from was not a final order and, more specifically, that a postjudgment order affecting parenting time cannot be considered an order affecting the custody of a minor under MCR 7.202(6)(a)(iii). As indicated above, our

---

[1] The claim of appeal was timely filed within 21 days after entry of the order appealed from. MCR 7.204(A)(1)(a).

[2] This order is a postjudgment order as it was entered after the August 4, 2008 consent order that initially disposed of the complaint in this paternity action.

-1-

Supreme Court vacated this Court's order dismissing the appeal and remanded to this Court for consideration of whether the March 6, 2017 order appealed from is actually a final order under MCR 7.202(6)(a)(iii).

From review of the motion that was denied in the March 6, 2017 order that motion sought to expand defendant's parenting time with the minor child at issue to a "50/50 parenting time schedule" or, in other words, to the child spending equal time with each party. This is against a background of defendant having parenting time only on Wednesday and Saturday under the trial court's December 22, 2016 order.

Accordingly, while it was not apparent to this Court at the time its April 11, 2017 order dismissing this appeal was entered,[3] we now conclude that the March 6, 2017 order constitutes a postjudgment order affecting the custody of a minor so as to be a final order under MCR 7.202(6)(a)(iii). While not expressly phrased as seeking a change in custody of the parties' minor child the motion denied in the March 6, 2017 order was actually seeking a change from plaintiff having primary physical custody of the minor child to the parties sharing equal physical custody. See *Lieberman v Orr*, 319 Mich App 68, 77 n 4; 900 NW2d 130 (2017) (courts should consider gravamen of motion based on reading the document as a whole). Thus, because the March 6, 2017 order denied a motion seeking a change in physical custody of a minor, it is a final order under MCR 7.202(6)(a)(iii), *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278 (2012), and thus appealable of right under MCR 7.203(A)(1).

## II.  DOCKET NUMBER 340354

In Docket Number 340354, defendant timely filed a claim of appeal from a subsequent September 13, 2017 postjudgment order in this case that denied her subsequent motion for parenting time.[4] This Court, in an order entered October 4, 2017, dismissed the claim of appeal, again indicating that the order appealed from affected only parenting time and, thus, did not affect the custody of a minor so as to be a final order under MCR 7.202(6)(a)(iii). However, the motion that was denied by the trial court in its September 13, 2017 order again requested a "50/50" parenting time schedule and, thus, as with the March 6, 2017 order discussed above, actually constituted a motion seeking a change from plaintiff having primary physical custody of the parties' child to the parties sharing equal physical custody. Accordingly, the September 13, 2017 order is also a final order under MCR 7.202(6)(a)(iii) that is appealable of right under MCR 7.203(A)(1).[5]

---

[3] We note that the lower court record was not electronically filed with this Court until after that point.

[4] Again, the claim of appeal was timely under MCR 7.204(A)(1)(a).

[5] As in Docket Number 337549, this Court did not have the lower court record when it entered the order dismissing the claim of appeal in Docket Number 340354 and it was not apparent from the face of the order appealed from that it denied a motion that actually sought a change in physical custody.

We hold that the trial court orders appealed from in both of these appeals are final orders under MCR 7.202(6)(a)(iii) and, accordingly, are appealable of right under MCR 7.203(A)(1). Thus, this Court has jurisdiction over the claims of appeal at issue and these appeals shall proceed as appeals of right in this Court.

/s/ Thomas C. Cameron
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien